Commonwealth *v.* Scannel.

*W. D. Northend,* for the defendant.

*R. Choate,* (attorney-general,) for the commonwealth.

---

COMMONWEALTH *vs.* PETER SCANNEL.

An indictment for rape need not allege that the defendant was over fourteen years of age, nor that the female was not the wife of the defendant.

In this commonwealth, since the Rev. Sts. *c.* 137, § 14, and *St.* 1852, *c.* 37, § 3, such an indictment need not aver that the act was committed " with force and arms," nor " feloniously."

THE defendant was convicted in the court of common pleas, on an indictment charging that he, " in and upon one Mary Moran, of Methuen, in the county of Essex, in the peace of the commonwealth, then and there being, an assault did make, the said Mary Moran being then and there a female of the age of ten years and more, and her the said Mary Moran then and there did ravish, and carnally know, by force and against her will, &c." He therefore moved in arrest

of judgment, for insufficiency in the indictment, which motion was overruled by *Briggs*, J. and the defendant excepted.

*O. P. Lord,* for the defendant.

*R. Choate,* (attorney-general,) for the commonwealth.

DEWEY, J. We perceive no ground for arresting judgment in the present case, for either of the alleged causes. 1. It is not necessary in an indictment for rape, to allege that the defendant is fourteen years of age. It might as well be contended that in all other cases, the indictment must allege that the party charged was above the age of seven years. The incapacity of a party, by reason of his tender years, to commit the crime charged upon him, may be a good defence on the trial, as it may negative effectually the charge; but this capacity is not required to be stated in the indictment, and its omission furnishes no ground for arresting the judgment, after a verdict against the accused.

2. Nor is there any defect in this indictment in not more particularly alleging that the person upon whom the rape is charged to have been committed, was not the wife of the defendant. The indictment, charging as it does, that the defendant did ravish one Mary Moran, a person of different name and without further description, corresponds to the usual precedents in this respect, and is well enough.

3. The real omissions in this indictment, or departure from the more usual forms of charging this offence, are of a different kind. The omission to aver that the defendant, " with force and arms," made the assault, &c. is no longer a ground for a motion in arrest of the judgment; it being so declared in the Rev. Sts. *c.* 137, § 14. The omission to aver that the act was perpetrated " feloniously " would have been a fatal defect, but for the provisions of the very recent act of 1852, *c.* 37, § 3, wherein it is provided that " no indictment shall be quashed or deemed invalid by reason of the omission of the words ' felonious,' or ' feloniously.' " This act seems to obviate what would otherwise have been the great defect in this indictment, and leaves the indictment valid.

*Motion in arrest overruled.*